UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

D.G.,

Petitioner,

v.

JULIO HERNANDEZ, ET AL.,

Respondent.

Case No. 2:26-cv-04130-TLF

ORDER GRANTING HABEAS CORPUS; AND ORDER TO SHOW CAUSE

After petitioner was arrested and detained by United States Immigration and Customs Enforcement officers, he filed a petition for a writ of habeas corpus under 28 U.SC. § 2241 and a motion to proceed under pseudonym. Dkts. 1,2. His petition, filed with the assistance of counsel, argues that his detention violates his constitutional right to procedural due process, respondents incorrectly cite 8 U.S.C. § 1225(b) as the governing detention authority, and his detention is unlawfully prolonged since he has been detained since March 2, 2026. Dkt. 1 at 5, 27-29. Petitioner requests release from detention at the Northwest ICE Processing Center (NWIPC), or, in the alternative, a hearing before the Court or an immigration judge, and an award of attorney's fees. *Id*. at 29.

The Court GRANTS petitioner's petition and motion to proceed under pseudonym. Dkts, 1, 3. Petitioner is to be released from detention, and based on petitioner's competency issues (*see* Dkt. 1-1, Psychological Report), the U.S. Attorney's

Office ("USAO") must coordinate release with (1) petitioner; (2) the Warden NWIPC, Bruce Scott; and (3) petitioner's counsel. The parties are ORDERED to file a joint status report by **5:00 PM PST Friday, November 20th, 2026**.

The Court issued a scheduling order on October 28, 2026, instructing respondents (collectively "the government") to "show cause why the writ of habeas corpus should not be granted[.]" Dkt. 5 at 1. No response was filed.

The Court has recently been informed that if no attorney from the USAO appears in an immigration habeas proceeding within seven court days of the issuance of the scheduling order, the Court may assume that no response to the petition will be filed, and the Court should proceed to adjudicate the merits of the petition. *See* Dkt. 7, Reply at Ex, A, Letter from the U.S. Attorney's Office for the Western District of Washington. The U.S. Attorney has a statutory responsibility to "defend for the Government all civil actions, suits or proceedings in which the United States is concerned." 28 U.S.C. § 547(2). *See Singh v. Blanche,* No. 2:26-CV-04143-TMC, 2026 WL 3374205, at *1 (W.D. Wash. Nov. 7, 2026). On November 13, 2026, the petitioner filed a reply requesting the Court deem his petition unopposed and order his immediate release. *Id*. at 1.

"In our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal ... we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know

what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

Here, petitioner asserts that he entered the United States in October 2021, was apprehended by immigration authorities, and granted parole pursuant to 8 U.S.C. § 1182(d)(5). Dkt. 1 at 5. On or about March 15, 2025, the New York City Police Department arrested D.G. and charged him with weapon possession and reckless driving charges under N.Y. Penal Law §§ 265.03(3), 265.02(1), and 265.02(3) and N.Y. Veh. & Traf. Law § 1212. *Id*. at 6. Those charges were ultimately dropped, and petitioner was instead charged federally with 18 U.S.C. § 922(g)(5) (possession of a firearm and ammunition by an "illegal alien"). *Id*.

On March 2, 2026, following a jury trial, petitioner was acquitted of the charge against him, and on the same day, ICE detained him. *Id*.

He argues that, regardless of whether a noncitizen is properly detained under § 1225(b) or § 1226(a), he was owed due process prior to any re-detention, and immediate release is warranted. *Id*. at 15. His argument has been accepted by numerous courts in this Circuit, including this one. *See, e.g., Espinoza Palacios v. Hermosillo*, No. 2:26-cv-491-JNW, 2026 WL 686138, at *6 (W.D. Wash. Mar. 11, 2026) ("[T]he Due Process Clause applies to Petitioners—who were deprived of their liberty when ICE revoked their release and re-detained them—regardless of whether they were subject to detention under Section 1225(b)(1), Section 1225(b)(2), or Section 1226(a). Courts in this [d]istrict have consistently so held.") (collecting cases).

The government has full access to the relevant facts concerning petitioner's detention, yet it has offered no factual or legal basis to rebut his petition. Under these

circumstances, "the Court is not duty-bound to go find a reason for them—indeed the party presentation principle requires it to do the opposite." *Charles Alexander Ponzon Deroy v. Warden,* No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). And the government's election not to oppose the petition constitutes forfeiture of the arguments it could have made. *Id*. (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")).

Because the government has declined to appear in this matter and has presented no defense, the Court construes the habeas petition as intentionally unopposed and finds that the government has waived any challenge to the arguments raised in the petition. *See Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026). As many other courts have found in such circumstances, the petition should be granted based on the government's "failure to oppose the primary relief sought." *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also id*. ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

The government has failed to meet its burden to show cause why the writ of habeas corpus should not be granted. The Court therefore GRANTS the unopposed petition (Dkt. 1). The Court GRANTS the motion to proceed under pseudonym. Dkt. 3.

Due to the competency issues presented, and the petitioner's physical and mental health issues that are presented in this case, the Court ORDERS the USAO to

file a response, by filing a notice with the Court upon receipt of this ORDER, confirming they have provided this ORDER to the respondents, and coordinate petitioner's release from detention with (1) petitioner; (2) the Warden of NWIPC, Bruce Scott; and (3) petitioner's counsel. The parties are to file a joint status report by **5:00 PM PST Friday, November 20th, 2026**.

The Clerk is directed to email a copy of this order to usawaw.habeas@usdoj.gov and to send uncertified copies of this Order to all counsel of record.

…

Dated this 16th day of November, 2026.

Theresa L. Fricke
United States Magistrate Judge